GUNDERSON LAW FIRM
Mark H. Gunderson, Esq.
Nevada State Bar No. 2134
Email: mgunderson@gundersonlaw.com
John R. Funk, Esq.
Nevada State Bar No. 12372
Email: jfunk@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
Facsimile: 775.829.1226
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PATRICK DOYLE, individually and as a member of Bioremedi Therapeutic Systems, LLC, a New Mexico Limited Liability Company; BIOREMEDI THERAPEUTIC SYSTEMS, INC., a New York Corporation, | Case No.  |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| DAVID MELONE, an individual; JANE MELONE, an individual; BIOREMEDI THERAPEUTIC SYSTEMS, LLC, A New Mexico Limited Liability Company; LIGHT EMITTING DESIGNS, INC., A New Mexico Corporation; IN LIGHT WELLNESS SYSTEMS, INC., A New Mexico Corporation; and Does 1 through 100. | |
| Defendants. | |

Plaintiff PATRICK DOYLE, individually and as a member of Bioremedi Therapeutic Systems, LLC, a New Mexico Limited Liability Company and BIOREMEDI THERAPEUTIC SYSTEMS, INC., a New York Corporation, by and through their counsel of record, Mark H. Gunderson, Esq. and John R. Funk, Esq., file this *Complaint* against Defendants DAVID MELONE, an individual; BIOREMEDI THERAPEUTIC SYSTEMS, LLC, A New Mexico Limited Liability Company; LIGHT EMITTING DESIGNS, INC., A New Mexico Corporation; IN LIGHT

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-1-

WELLNESS SYSTEMS, INC., A New Mexico Corporation, JANE MELONE, an individual, and alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. PATRICK DOYLE ("Doyle") is an individual residing and doing business in Washoe County Nevada.

2. BIOREMEDI THERAPEUTIC SYSTEMS, INC. ("BTS, INC") is a New York Corporation with its principal place of business in Nevada.

3. DAVID MELONE ("David") is an individual residing and doing business in New Mexico.

4. JANE MELONE ("Jane") is an individual residing and doing business in New Mexico.

5. BIOREMEDI THERAPEUTIC SYSTEMS, LLC is a New Mexico Limited Liability Company ("BTS, LLC") with its principal place of business in New Mexico.

6. Doyle maintains an ownership and membership interest in BTS, LLC.

7. LIGHT EMITTING DESIGNS, INC. ("LED") is a New Mexico Corporation with its principal place of business in New Mexico.

8. IN LIGHT WELLNESS SYSTEMS, INC. ("ILWS") is a New Mexico Corporation with its principal place of business in New Mexico.

9. The amount in controversy exceeds $75,000.

10. Complete diversity of jurisdiction exists among Doyle and BTS, INC and the Defendants.

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

13. Plaintiffs are ignorant of the true names and capacities of Defendants sued as DOES 1 through 100, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe that each of the fictitiously named Defendants are responsible in some manner for the damages alleged, and that its damages were proximately caused by their conduct. Plaintiffs are also informed and believe that each of the fictitiously named Defendants is the recipient of fraudulently

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

transferred assets subjecting them to this Court's jurisdiction. Plaintiffs will amend their *Complaint* to allege their true names and capacities when ascertained.

## FACTUAL ALLEGATIONS

14. In 2003, Doyle through Global Health Products PTY LTD, a Australian entity, was a distributor of certain devices manufactured by, upon information and belief, an entity wholly owned by David and/or Jane (the "Melones").

15. In May 2004, BTS, LLC was formed by David and Doyle.

16. BTS, LLC was created to sell certain devices manufactured by LED to certain customers of a non-party distributor.

17. Upon information and belief, LED is owned by the Melones.

18. BTS, LLC sold certain products for a number of years.

19. At some point, BTS, LLC stopped selling devices to its customers due to certain patent litigation caused by David and concerns related to the devices.

20. On or about March 4-7, 2010, David, Doyle, and others met in Reno, Nevada to reinitiate the business arrangement between BTS INC and LED as it related to specific clients originated and found by Doyle.

21. BTS, LLC reinitiated operations in 2012.

22. On or about May 16-19, 2013, BTS INC held a conference in Reno Nevada for the purpose of educating a sales force to generate demand for the products marketed by BTS INC and manufactured by LED.

23. David attended the May 2013 conference and, unbeknownst to Doyle and BTS INC, attempted to organize a secret, separate arrangement to sell directly to the sales team developed by BTS INC and Doyle.

24. BTS, LLC filed tax returns for 2014 and will need to file tax returns for 2015.

25. Jane has and continues to serve as BTS, LLC's chief financial officer while David has and continues to serve as its chief executive officer.

///

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-3-

**Breach of Fiduciary Duties**

26. The Melones have operated and maintained BTS, LLC's books, records, and finances at all times.

27. Doyle has had no input, control, or involvement in BTS, LLC's financial operations.

28. Upon information and belief, the Melones have treated BTS, LLC's assets as their own by using the companies' financial assets for their own personal interests.

29. Upon information and belief, the Melones have caused BTS, LLC to compensate them in excess of the value of their services provided to BTS, LLC.

30. The Melones have failed to pay or compensate Doyle for the work and value he contributed to BTS, LLC.

31. Upon information and belief, the Melones caused BTS, LLC to pay other entities the Melones own or owned large sums in excess of the value provided to BTS, LLC.

32. By causing BTS, LLC to over pay their other entities, the Melones have extracted large sums from BTS, LLC to Doyle's detriment making it appear as if BTS, LLC has operated without a profit.

33. The Melones acts and omissions manipulated BTS, LLC's profit and loss statements and balance sheet.

34. Upon information and belief, due to the Melones' acts and omissions, BTS, LLC operated without providing distributions to Doyle even though BTS, LLC received revenue in excess of One Million Dollars ($1,000,000).

35. Through the Melones' actions with respect to BTS, LLC, Doyle has incurred tax liability for profit allegedly generated by BTS, LLC even though Doyle has never received any distributions from BTS, LLC and BTS, LLC has never allegedly made a profit.

36. Upon information and belief, David has purposefully destroyed and/or manipulated the books and records belonging to BTS, LLC without cause, justification, or right.

37. Upon information and belief, David destroyed and/or manipulated BTS, LLC's books and records in an effort to conceal the Melones' actions described above and to conceal certain asset transfers.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

38. Upon information and belief, the Melones have failed to take acts sufficient to maintain the veil of liability between BTS, LLC and themselves personally.

39. The Melones owe a duty to BTS, LLC and its other Members.

40. The Melones have breached their duties to BTS, LLC and its Members by, among other things, their self-dealing.

41. The Melones transited clients/dealers obtained and derived by Doyle from BTS, LLC to their new entity ILWS.

42. Doyle has no interest in ILWS even though he has been promised a small percentage ownership in ILWS.

43. On or about September 13-15, 2014, David traveled to Reno, Nevada to discuss ILWS the promise he made to Doyle to provide Doyle with an interest in ILWS.

44. The Melones breached their duties to BTS, LLC and its other Members by, among other things, taking business opportunities from BTS, LLC and funneling them to their separate entity ILWS.

45. David and Jane then caused all manufacturing responsibilities to be shifted from LED to ILWS.

### FDA 510(K) Clearance

46. ILWS is not only taking clients/dealers from BTS, LLC but is also infringing upon BTS, INC.'s intellectual property.

47. BTS, INC owned and still is the correspondent for a 510(K) clearance, number K101894, for Healthlight Microcontroller, Minipro, Proneurolight, and Pro Unit.

48. BTS, INC was granted permission to market the device covered by its 510(K) clearance on or about January 21, 2011.

49. Both BTS, LLC and ILWS has manufactured, marketed, and sold devices covered by BTS, INC's 510(K) clearance number K101894.

50. Both BTS, LLC and ILWS have failed to compensate BTS, INC for the use of the 510(k) clearance obtained and owned by BTS, INC for the medical devices in question.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-5-

51. ILWS has no right to manufacture, market, or sell the products registered to BTS, INC without BTS, INC's express written approval.

### Product Liability Litigation

52. In 2012, litigation was commenced against BTS, INC and LED in the US District Court Southern District of Texas, case number 4:12-cv-01717 related to claims stemming from the defective construction of products manufactured by LED (the "Products Liability Lawsuit").

53. Prior to the Products Liability Lawsuit, the Melones assured Doyle and BTS INC, that their manufacturing entity, LED, maintained liability insurance with respect to its manufacturing of products marketed and sold by BTS, INC.

54. LED failed to maintain liability insurance for the product that was allegedly manufactured improperly.

55. BTS, INC incurred liability related to the expense of litigating the claims against it and LED.

56. Ultimately, LED and BTS, INC were successful in their defense of the Products Liability Lawsuit, but the matter is presently on appeal.

57. LED had an obligation to maintain liability insurance in proper amount and kind to protect not only itself but also BTS, INC as it marketed and sold products manufactured by LED.

58. The Melones failed to ensure LED maintained proper and sufficient liability insurance during the time in which it was manufacturing products for BTS, INC.

59. Had LED properly maintained liability insurance, as it was obligated to do, there would have been no out of pocket costs owed, or liabilities incurred, by BTS, INC with regard to the Products Liability Lawsuit against BTS, INC and LED.

### FIRST CLAIM FOR RELIEF

### (Accounting)

60. Plaintiffs reallege the allegations contained in the preceding paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

61. Doyle seeks that the Melones and BTS, LLC provide a full, complete, and accurate accounting of BTS, LLC.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-6-

62. Doyle further seeks full and complete access to all financial, business, and/or accounting records created or maintained regarding monies paid to or from BTS, LLC, for any purpose whatsoever, so that he may have an expert review those files to create a full and complete accounting of BTS, LLC. This request includes all electronic files and those files metadata sufficient to ensure information has not been inappropriately manipulated.

63. David is the responsible member of BTS, LLC, as defined by applicable New Mexico Statutes, requiring David to keep, among other things, at the company's principal place of business a copy of the companies' organizational documents, tax returns, financial statements, and operating agreement.

64. Doyle has a right to inspect those documents that David is obligated to maintain.

## SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

65. Plaintiffs reallege the allegations contained in the preceding paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

66. As officers and/or members of BTS, LLC, the Melones owed and owes BTS, LLC, its other members and officers a fiduciary duty.

67. The Melones breached their fiduciary duties owed to Doyle and BTS, LLC.

68. As a result of the Melones' breach, Doyle and BTS, LLC incurred and are entitled to recover damages in excess of $75,000.00, plus interest, attorney's fees, and costs.

69. Doyle is entitled to recover his attorneys' fees and costs as special damages as a foreseeable, direct result of the Melones' breach of their fiduciary duties.

## THIRD CLAIM FOR RELIEF

### (Conversion Asserted By Doyle)

70. Plaintiffs reallege the allegations contained in the preceding paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

71. Upon information and belief, the Melones committed distinct acts of dominion wrongfully exerted over BTS, LLC's personal property.

72. The acts were in denial of, or inconsistent with, Doyle's title or rights therein.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-7-

73. The acts were in derogation, exclusion, or defiance of BTS, LLC's title or rights in the personal property.

74. As a result of the Melones' actions, Doyle and BTS, LLC are entitled to damages in excess of $75,000.00, plus interest, attorney's fees and costs

75. Doyle is entitled to recover his attorneys' fees and costs as special damages as a foreseeable, direct result of the Melones tortious conduct.

## FOURTH CLAIM FOR RELIEF

### (Conversion Asserted By BTS, INC)

76. Plaintiffs reallege the allegations contained in the preceding paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

77. Upon information and belief, the Melones caused BTS, LLC and LED to commit distinct acts of dominion wrongfully exerted over BTS, INC's personal property; namely the 510(K) approval for certain products.

78. The acts were in denial of, or inconsistent with, BTS, INC's title or rights therein.

79. The acts were in derogation, exclusion, or defiance of BTS, INC's title or rights in the personal property.

80. As a result of the Melones causing BTS, LLC and LED's actions in this regard, BTS, INC is entitled to damages in excess of $75,000.00, plus interest, attorney's fees and costs

81. BTS, INC is entitled to recover its attorneys' fees and costs as special damages as a foreseeable, direct result of the Melones, BTS, LLC, and LED's tortious conduct.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment Asserted By Doyle)

82. Plaintiffs reallege the allegations contained in the preceding paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

83. The Melones and Does 1-10 have unjustly retained and committed distinct acts of dominion wrongfully over BTS, LLC's personal property against fundamental principles of justice or equity and good conscience.

84. The acts were in denial of, or inconsistent with, Doyle's title or rights therein.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

85. The acts were in derogation, exclusion, or defiance of BTS, LLC's title or rights in the personal property

86. The Melones and Does 1-10 have been unjustly enriched by receipt, use, and enjoyment of BTS, LLC's personal property to the detriment of Doyle and BTS, LLC.

87. As a direct and proximate result of the Melones and Does 1-10 unjust enrichment, Doyle has been damaged in an amount in excess of $75,000, plus interest, attorneys' fees, and costs.

88. As a direct and proximate result of the Melones and Does 1-10 unjust enrichment, BTS, LLC has been damaged in an amount in excess of $75,000, plus interest, attorneys' fees, and costs.

89. Doyle is entitled to recover its attorneys' fees and costs as special damages as a foreseeable, direct result of the Melones and Does 1-10's tortious conduct.

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment Asserted By BTS, INC)

90. Plaintiffs reallege the allegations contained in the preceding paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

91. The Melones caused BTS, LLC and LED to unjustly retain and commit distinct acts of dominion wrongfully over BTS, INC's personal property against fundamental principles of justice or equity and good conscience.

92. The acts were in denial of, or inconsistent with, BTS, INC's title or rights therein.

93. The acts were in derogation, exclusion, or defiance of BTS, LLC's title or rights in the personal property.

94. The Melones caused BTS, LLC and LED to be unjustly enriched by receipt, use, and enjoyment of BTS, INC's personal property to the detriment of BTS, INC.

95. As a direct and proximate result of the Melones causing BTS, LLC, and LED's unjust enrichment, Doyle has been damaged in an amount in excess of $75,000, plus interest, attorneys' fees, and costs.

96. BTS, INC is entitled to recover its attorneys' fees and costs as special damages as a foreseeable, direct result of the Melones causing BTS, LLC and LED's tortious conduct

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

## SEVENTH CLAIM FOR RELIEF

### (Derivative Action)

97. Plaintiffs reallege the allegations contained in the preceding paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

98. Doyle is, and at all relevant times during the Melones' misconduct was, a member and owner of BTS, LLC and he has an ongoing property interest in BTS, LLC.

99. Doyle seeks to enforce the rights of BTS, LLC concerning the unauthorized use of BTS, LLC funds for personal expenses by the Melones and for transferring clients and opportunities from BTS LLC to ILWS.

100. Doyle has made efforts to have the Melones abide by their fiduciary responsibilities as officers and/or members of BTS, LLC and has made demands that the Melones reimburse BTS, LLC.

101. The Melones have chosen to remain silent and not deny many of the allegations in this Complaint.

102. Formal demands would serve no purpose and would be futile to obtain the relief requested in this Complaint because, among other reasons, the Melones were the people responsible for the unauthorized expenditures, and they have failed to substantively respond to any demands that they make the Company whole.

103. It would further serve no purpose and would be futile to have Doyle make another formal request upon the Melones to obtain the relief requested in this Complaint because there is reasonable doubt to believe that the Melones are independent and disinterested or entitled to the protections of the business judgment rule.

104. Doyle and BTS, LLC have claims against the Melones for their mismanagement of BTS, LLC's funds, their breach of the duty of loyalty and breach of the duty of care.

105. BTS, LLC refuses or has failed to enforce its rights.

106. BTS, LLC has suffered damages as a result of the Melones' unauthorized and inappropriate conduct.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

107. The Melones' inappropriate and unauthorized expenditures should be reimbursed by David and/or Jane to BTS, LLC.

108. BTS, LLC is entitled to equitable remedies that would remedy the Melones' misconduct or place it in a situation as if the Melones had not violated their duties owed to Doyle and BTS, LLC.

109. The Melones should be precluded from making any distributions or transfers of assets or money to themselves or any other entity or person with BTS, LLC's funds.

110. The Melones should be obligated to pay the attorneys' fees and costs incurred by Doyle and BTS, LLC for bringing this derivative action; and they are not entitled to any indemnification of their legal fees as a result of their misconduct.

## EIGTH CLAIM FOR RELIEF

### (Equitable Indemnity)

111. Plaintiffs reallege the allegations contained in the preceding paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

112. The Melones and LED are equitably obligated to indemnify, defend, and hold Doyle and BTS, INC harmless from and against the Products Liability Lawsuit.

113. The Melones and LED have failed to indemnify, defend, and hold Doyle and BTS, INC harmless from and against the attorneys' fees, costs, and time expended or incurred in Products Liability Lawsuit.

114. If the Melones and/or LED fail to indemnify, defend, and hold BTS, INC and Doyle harmless from and against the litigation, the Melones and LED will be unjustly enriched at Doyle and BTS, INC's expense.

115. Doyle and BTS, INC are therefore entitled to damages in excess of $75,000.00, plus interest, late charges, fees, attorneys' fees, and costs.

## NINTH CLAIM FOR RELIEF

### (Negligence)

116. Plaintiffs reallege the allegations contained in the preceding paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-11-

117. LED, as a manufacture of consumer goods, owed a duty of care to BTS, INC as a marketer and seller of the goods manufactured by LED, to maintain appropriate insurance related to claims of products liability.

118. LED could have foreseen, as a manufacturer of goods, products liability claims being asserted against it and BTS, INC for products LED manufactured.

119. LED breached that duty by failing to maintain proper, appropriate insurance.

120. As a direct, proximate, and actual cause of LED's breach of its duty, BTS INC incurred liability and damages in excess of $75,000.

121. BTS, INC is entitled to damages in excess of $75,000.00, plus interest, late charges, fees, attorneys' fees, and costs.

## TENTH CLAIM FOR RELIEF

### (Declaratory Relief—All Defendants)

122. Plaintiffs reallege the allegations contained in the preceding paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

123. An actual controversy has arisen and now exists between the parties concerning their respective rights and obligations with respect to the allegations set forth in this Complaint.

124. Plaintiffs desire a judicial determination of the parties' rights and obligations.

125. A judicial declaration is necessary and proper at this time under the circumstances in order that the parties may determine their rights and duties.

THEREFORE, Plaintiffs pray for judgment as follows:

1. Judgment for damages in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00) in favor of Plaintiffs and against Defendants according to the evidence;

2. Disgorgement of amount which Defendants have been unjustly enriched in excess of $75,000.00 in favor of Plaintiffs;

3. A declaration of the parties' rights and obligations pursuant to Nevada law;

///
///
///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

4. An award of interest, costs and attorney's fees; and

5. Such further relief as the Court deems proper.

DATED this 16 day of March, 2016.

                                      GUNDERSON LAW FIRM

                                      By: *[signature]*
                                      Mark H. Gunderson, Esq.
                                      Nevada State Bar No. 2134
                                      Email: mgunderson@gundersonlaw.com
                                      John R. Funk, Esq.
                                      Nevada State Bar No. 12372
                                      Email: jfunk@gundersonlaw.com
                                      3895 Warren Way
                                      Reno, Nevada 89509
                                      Telephone: 775.829.1222
                                      Facsimile: 775.829.1226
                                      Attorneys for Plaintiffs

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222